**UNITED STATES of America,
Plaintiff,
v.
Helen Maxine Levi TRAVIS, Defendant.
No. 32380–CD.**

United States District Court
S. D. California,
Central Division.

May 13, 1964.

Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section, Los Angeles, Cal., for plaintiff.

Margolis & McTernan, Los Angeles, Cal., for defendant.

CRARY, District Judge.

■ Defendant is indicted on two counts for violation of 8 U.S.C. § 1185 (b). The violations consist of defendant

knowingly and willfully departing from the United States for Cuba on January 22, 1962, and August 18, 1962, without a valid passport for such travel. It is agreed that on each departure defendant intended to go to Cuba and did go to Cuba. Each of defendant's trips to Cuba was accomplished by going to Mexico City with the intent to obtain authority of Cuban representatives in Mexico to visit Cuba. On each occasion this authority was obtained and, as noted above, Cuba was visited. Defendant urges that although she left the United States with the intent to go to Cuba, her entry into Cuba was dependent on receiving Cuba's permission after arriving in Mexico City and that to violate the statute here involved her departure from the United States must have been for a country which was ready to receive her. The case of Heikkinen v. United States, 355 U.S. 273, at 276, 78 S.Ct. 299, 2 L.Ed.2d 264, and other authorities cited by defendant, do not appear to support this defense.

Section 1185(b) provides in pertinent part:

> "* * * it shall * * * be unlawful for any citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid passport."

If there is a legal basis for the restriction of travel by the promulgation of 22 C.F.R. 53.3, which excludes Cuba from the list of countries to which a citizen may travel without a passport specifically endorsed for such travel, then the court concludes defendant is guilty of the offenses charged. Defendant argues there is no legal basis for the restriction on travel here involved and no legal basis for making a violation of the restriction a criminal offense. Defendant, by way of argument [pg. 3–10 of her Memo in support of motion for judgment of acquittal], urges that the regulation last above mentioned was not promulgated under 8 U.S.C. § 1185(b), which makes violation a crime [§ 1185(c)], but actually under Executive Order 7856 and 22

U.S.C. § 211a and 5 U.S.C. § 151c which makes no provision for violation thereof to be a crime. This position of defendant is not supported by the opinion of the District Court in MacEwan v. Rusk, D.C.E.D.Pa., 228 F.Supp. 306, decided March 30, 1964, wherein Judge Freedman states at page 310 of his opinion:

> "The Secretary of State does not rely solely on inherent executive power. He claims statutory authority for the regulations he has promulgated. There are two Acts of Congress to which the Secretary points as the sources of his power. One is § 215 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1185. The other is the Passport Act of 1926, § 1, 22 U.S.C. § 211a."

Following this statement, the court, at pages 311–312, outlines the history and contents of the pertinent Presidential proclamations (beginning with President Truman's proclamation No. 2914 on December 16, 1950), regulations prescribed by the Secretary of State and amendments thereto and Public Notice No. 179, referred to by defendant herein.

The MacEwan case, supra, involved an action by plaintiffs therein for declaratory judgment which would declare invalid regulations issued by the Secretary of State (22 C.F.R. 53.3) pursuant to which they were refused endorsement on their passports for travel to Cuba. Both sides moved for summary judgment. Plaintiffs' motion was denied and the defendants' motion granted. In Zemel v. Rusk et al., D.C.Conn., 228 F.Supp. 65, decided February 20, 1964, Judge Clarie, of a three-judge court, writing the majority opinion, observes at page 69:

> "It is this Court's finding that Congress has granted adequate authority to the Executive department to make these regulations, that their application in this instance does not violate due process and the statutes which authorize the regulations, 22 U.S.C.A. § 211a and 8 U.S.C.A. § 1185 are valid and constitutional."

and at page 71:

"In this case the authority of the Secretary of State is founded on two specific acts of the Congress, namely, the Passport Act of 1926, 44 Stat. 887, 22 U.S.C. § 211a and § 215 of the Immigration and Nationality Act of 1952, 66 Stat. 163, 190, 8 U.S.C. § 1185."

The Zemel case involved an action by plaintiff " * * * for a declaratory judgment and to enjoin the enforcement and execution of two acts of Congress, namely, the Passport Act of 1926, 44 Stat. 887, 22 U.S.C. § 211a and § 215 of the Immigration and Nationality Act of 1952, 66 Stat. 163, 190, 8 U.S.C. § 1185, both of which the plaintiff claims are repugnant to the Constitution." Both plaintiff and defendants moved for summary judgment. Plaintiff's motion was denied and defendants' motion was granted. Two of the judges of the three-judge court sitting on the case filed opinions concurring in part and dissenting in part from the majority opinion of Judge Clarie. Judge Smith disagreed with the view that the area restrictions are authorized and Judge Blumenfeld, although agreeing with Judge Clarie that the area restrictions are a reasonable regulation of travel, did not think the plaintiff was entitled to a construction of 8 U.S.C. § 1185 before it is raised in a criminal proceeding.

■ This court concludes, after considering all of the arguments and examination of documents submitted by the parties, that Title 22 C.F.R. 53.1–9 was promulgated under the authority of 8 U.S.C. § 1185 and that the amending regulation (1961) was also promulgated under said section and Proclamation No. 3004, 67 Stat. c. 31, which was issued under that statute. In Proclamation No. 3004, President Truman clearly found as provided therein " * * * that the interests of the United States require that restrictions and prohibitions, * * *." Said Proclamation adopted and incorporated therein 22 C.F.R. 53.1–9 and authorized the Secretary of State to "revoke, modify or amend such regulations

as he may find the interests of the United States to require." Such delegation of authority is authorized by 3 U.S.C. § 301 and 302. See also 8 U.S.C. § 1185 (b).

Defendant urges that the restrictions on travel here involved find no basis in the inherent power of the Executive, that the issue here turns on government control over travel in relationship between this Government and its own citizens as distinguished from control as an instrument of foreign policy in the relations of this country with other countries. This point was considered by this court on defendant's motion to dismiss and the court adheres to its conclusion at that time, that the conduct of foreign affairs would include the authority to limit travel to certain areas of the world by citizens of the country without valid passports.

[3] The other points made by defendant in support of her motion for acquittal are that:

(a) Congress, in enacting 8 U.S.C. § 1185(b), did not authorize the Executive to impose the limitations here involved,

(b) Such construction of the statute delegates legislative power contrary to Article I, Section 8, of the Constitution of the United States, and

(c) Such construction deprives defendant of her right to travel contrary to the First and Fifth Amendments of the Constitution of the United States.

As to (a) above, the court is of the opinion that the provisions of Section 1185 are sufficient to impose the penalty therein provided for violation of the limitation of travel to Cuba as set forth above. New legislation is not believed to be required. See MacEwan, supra, 228 F. Supp. page 311. Points (b) and (c) above were argued by defendant in her motion to dismiss and considered by the court in its Memorandum Opinion filed October 30, 1963, on denying the motion to dismiss and that opinion is hereby

adopted and made a part hereof by reference. It is to be noted that following the motion to dismiss in the instant action, further proceedings were delayed pending the rulings of the courts in the MacEwan and Zemel cases, supra. The opinions in those cases, which have not as yet been reported, discuss and rule on most of the points urged by defendant in the case at bar and this court cites those civil actions in support of its conclusions herein.

Defendant depends in substantial part, in support of her position in the instant case, on the opinion of the Supreme Court of the United States in Kent v. Dulles, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958). The Supreme Court in the Dulles case was concerned with the delegation to the Secretary of State of authority to withhold passports to citizens because of their beliefs and associations. In the opinion of this court, the Kent case is clearly to be distinguished from the situation in the case at bar, as pointed out and discussed in the court's opinion re denying defendant's motion to dismiss, mentioned hereinabove, and that discussion will not be repeated at this time. For additional discussion of Kent v. Dulles, supra, see also the MacEwan case, supra, 228 F. Supp. pages 308, 313 and 315, and the Zemel case, supra, 228 F.Supp. at pages 69–74, and cases there cited.

In the recent case of Worthy v. United States, 328 F.2d 386 (5th Cir. Feb. 20, 1964), the court was concerned with criminal liability on the part of the appellant, Worthy, who had *entered* the United States without a valid passport after visiting Cuba. In reversing the District Court, which held that Worthy had unlawfully entered the United States without a passport in the circumstances, the Court of Appeals observed that an unlawful entry does not include an unlawful departure. At page 393 of its opinion, the court states:

"If the conviction of the appellant had been for a willful *departure* from the United States without a valid passport we would be confronted with a less difficult problem. A citizen, at an airport or pier, without a passport, can refrain from a violation of the statute by remaining in the country. So doing, the citizen can continue to exercise all of the rights and privileges of citizenship and enjoy the protection afforded to him by constitutions and laws incident to his citizenship." (Emphasis added.)

Also:

"Since Congress has the power to declare a policy with respect to foreign affairs, and to impose reasonable restrictions on the right of the citizen to travel in foreign countries, it follows that it may punish violations of the statute. See Hyde v. Shine, 199 U.S. 62, 25 S.Ct. 760, 50 L.Ed. 90."

Defendant is so insistent that her departure from the United States with intent to go to Cuba (by way of Mexico City) without a valid passport for Cuba does not violate the statute and regulation involved, that further brief comment on the point appears to be in order. It appears obvious that the intent of Congress was to allow the President, through the Secretary of State, to preclude travel to excluded areas or countries in circumstances such as are here involved. In the opinion of the court, "departure from the United States for Cuba" is tantamount to leaving the United States with the intent to go to Cuba which, it is agreed, the defendant did, and without a valid passport. If the effect of the statute and regulation can be circumvented by a citizen going to another country and there obtaining authority to travel to the excluded country then the intent of Congress would be entirely obviated and the statute and regulation nullified.

The court concludes, after consideration of the stipulation as to facts, the oral argument of counsel and the memoranda of points and authorities filed, that defendant's motion for acquittal should be and is hereby denied, and the court finds the defendant guilty as charged on each of the counts in the Indictment.